STAN S. MALLISON (Cal. State Bar No. 18491)
HECTOR R. MARTINEZ (Cal. State Bar No. 206336)
MARCO A. PALAU (Cal. State Bar No. 242340)
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue, Suite A
Lafayette, California  94549
Telephone:  (925) 283-3842
Facsimile:  (925) 283-3426

Attorneys for Plaintiffs
Juan Ruiz, Juana Martinez, Jesus Lozoya,
Richard Rodriguez, and Rosario Perez

JEFFREY D. WOHL (Cal. State Bar No. 96838)
ZACHARY P. HUTTON (Cal. State Bar No. 234737)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
San Francisco, California  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100
jeffwohl@paulhastings.com
zacharyhutton@paulhastings.com

Attorneys for Defendant
F. Korbel & Bros., Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(Fresno Division)

| | |
|---|---|
| JUAN RUIZ, JUANA MARTINEZ, JESUS LOZOYA, RICHARD RODRIGUEZ, and ROSARIO PEREZ<br><br>Plaintiffs,<br><br>vs.<br><br>F. KORBEL & BROS. INC.,<br><br>Defendant. | No. 1:08-CV-00417-LJO-SMS<br><br>**CLASS ACTION**<br><br>**CONFIDENTIALITY AGREEMENT AND STIPULATION TO PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION; AND**<br><br>**ORDER ON CONFIDENTIALITY AGREEMENT AND STIPULATION TO PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

PDF created with pdfFactory trial version www.pdffactory.com

**STIPULATION**

Plaintiffs Juan Ruiz, Juana Martinez, Jesus Lozoya, Richard Rodriguez, and Juana Perez ("Plaintiffs") and defendant F. Korbel & Bros, Inc. ("Korbel") (collectively referred to in this agreement as the "Parties"), acting through their respective counsel of record, hereby stipulate and agree to the following:

1.   The Parties and/or third parties have produced or will produce, in connection with discovery proceedings in this action, information and/or documents consisting of or referencing confidential information, including but not necessarily limited to (1) Korbel's business operations; (2) Korbel's policies; and (3) information concerning non-party Korbel employees.  This information and documents are called "CONFIDENTIAL INFORMATION" in this stipulation.

2.   If CONFIDENTIAL INFORMATION has already been produced in discovery, it will be deemed already so designated.  If it has not yet been produced in discovery, the Party who wishes to so designate it will do so by means of written notice given to the other Party as soon as is practicable in connection with its production, including but not limited to marking the document "CONFIDENTIAL INFORMATION."

3.   To safeguard the confidentiality of CONFIDENTIAL INFORMATION, it will be maintained as set forth in this agreement.

4.   CONFIDENTIAL INFORMATION will be used by the Parties solely for the purposes of the prosecution and/or defense in this action.

5.   The Parties may disclose CONFIDENTIAL INFORMATION only to the following persons, who will agree to maintain its confidentiality:

    a.   counsel of record for the Parties in this action, including in-house counsel, who are actively engaged in the conduct of this litigation, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

    b.   court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

      c.    Plaintiffs, but only to the extent that they remain the proposed representative plaintiffs in this action and remain bound to this Confidentiality Agreement;

      d.    witnesses, including non-party witnesses, in preparation for, and in the course of, depositions or interviews, or at trial, if, in the reasonable good faith opinion of the Parties' counsel, examination with respect to such information is necessary for legitimate discovery or trial purposes;

      e.    outside consultants or experts retained for the purpose of assisting counsel in the litigation;

      f.    third-party contractors involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions;

      g.    officers and directors of Korbel;

      h.    any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

      i.    employees and former employees of Korbel may be shown their own personnel records.

6.    The Parties and their counsel are responsible for employing reasonable measures to control, consistent with this agreement, duplication of, access to, discussion of and distribution of copies of CONFIDENTIAL INFORMATION. Prior to disclosure of CONFIDENTIAL INFORMATION to any third-party authorized to received CONFIDENTIAL INFORMATION pursuant to paragraphs 5(d),(e), and (f) above, such person will agree in advance to be bound by this Confidentiality Agreement by signing the attached Exhibit A. Copies of the signed Exhibit A will be retained by counsel and made available to opposing counsel if ordered by the Court and to the Court as may be necessary and appropriate in the event of a dispute or disagreement.

7.    In the event that a Party challenges the designation of information and/or documents as CONFIDENTIAL INFORMATION, that Party must do so in good faith and will so notify the other

LEGAL_US_W # 80936474.3

-2-    CONFIDENTIALITY AGREEMENT AND ORDER
          U.S.D.C., E.D. Cal., No. 1:08-CV-00417-LJO-SMS

PDF created with pdfFactory trial version www.pdffactory.com

Party in writing. The burden will then fall on the Party making the designation to obtain an order of the Court upholding the designation. The designation made by the Party will be respected by the other Party, and the information and/or documents designated CONFIDENTIAL INFORMATION will not be used in a manner inconsistent with this agreement, until either (a) 15 days pass after that other Party gave notice of the challenge to the designation, and the Party making the designation fails to file a motion for an order of the Court upholding the designation; or (b) a motion timely made is denied by the Court.

8. In the event that a Party seeks to file with the Court a document containing or constituting CONFIDENTIAL INFORMATION, that Party will first file the document under seal pursuant to United States District Court of California, Eastern California District Local Rule 39-141. If the Court refuses to uphold the confidentiality requested or accepts the documents as filed, the documents may be filed.

9. Entering into, agreeing to and/or complying with the terms of this agreement will not:

    a. operate as an admission that any particular designated material constitutes, contains or reflects trade secrets, proprietary or commercial information or other confidential matter;

    b. prejudice in any way the right of any Party to object to the production of documents or information it considers not subject to discovery or to seek a Court determination whether particular designated material should be produced;

    c. prejudice in any way the right of any Party to apply to the Court to rescind or modify the terms of this Protective Order or to move the Court for a further protective order;

    d. prejudice in any way the right of any Party to use, or object to the use of, any CONFIDENTIAL INFORMATION at any hearing or at trial;

    e. affect the obligations of any Party or person to comply with the terms of any compulsory process; or

    f. be construed as a waiver by either Party of any discovery objection.

10. This agreement will be effective from the date on which it is signed by counsel for the Parties. Upon conclusion of this action, documents containing CONFIDENTIAL INFORMATION will

LEGAL_US_W # 80936474.3

PDF created with pdfFactory trial version www.pdffactory.com

be returned to the Party who or which produced it or it shall be destroyed not later than 30 days after a final judgment or dismissal is entered.  Upon request, counsel of record will certify, in writing, compliance with this requirement and will deliver the same to counsel for the party who produced the documents not more than 150 days after the final termination of this litigation.

11. This agreement may be signed in counterpart originals, with each having the same effect as a single original.

Dated: October 7, 2008.  STAN S. MALLISON
HECTOR R. MARTINEZ
MARCO A. PALAU
LAW OFFICES OF MALLISON & MARTINEZ

By: /s/ Stan S. Mallison
Stan S. Mallison
Attorneys for Plaintiffs Juan Ruiz, Juana Martinez,
Jesus Lozoya, and Richard Rodriguez

Dated: October 7, 2008.  JEFFREY D. WOHL
ZACHARY P. HUTTON
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ Zachary P. Hutton
Zachary P. Hutton
Attorneys for Defendant F. Korbel & Bros., Inc.

LEGAL_US_W # 80936474.3

-4-   CONFIDENTIALITY AGREEMENT AND ORDER
U.S.D.C., E.D. Cal., No. 1:08-CV-00417-LJO-SMS

PDF created with pdfFactory trial version www.pdffactory.com

**Exhibit "A"**

By signing this document, I hereby certify that I have read the Confidentiality Agreement in *Ruiz v. F. Korbel & Bros., Inc.,* Case No. 1:08-CV-00417-LJO-SMS, and hereby agree to abide by its terms and conditions.  I also understand that any violation of the Confidentiality Agreement by me or anyone acting under my direction may subject me penalties for contempt of court.  I hereby consent to the Court's personal jurisdiction over me.

_____
SIGNATURE

_____
NAME (PRINTED)

LEGAL_US_W # 80936474.3

-5- CONFIDENTIALITY AGREEMENT AND ORDER
U.S.D.C., E.D. Cal., No. 1:08-CV-00417-LJO-SMS

PDF created with pdfFactory trial version www.pdffactory.com

**ORDER**

On the stipulation of the parties, and good cause appearing therefor,

IT IS ORDERED that the foregoing Confidentiality Agreement and Stipulation be and is hereby APPROVED and MADE THE ORDER OF THE COURT.

Dated:  10/10/2008

                                      /s/ Sandra M. Snyder
                                    SANDRA M. SNYDER,
                                    U.S. Magistrate Judge