STAN S. MALLISON (Cal. State Bar No. 184191)
HECTOR R. MARTINEZ (Cal. State Bar No. 206336)
MARCO A. PALAU (Cal. State Bar No. 242340)
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue, Suite A
Lafayette, California 94549-3902
Telephone: (925) 283-3842
Facsimile: (925) 283-3426

Attorneys for Plaintiffs Juan Ruiz, Juana Martinez,
Jesus Lozoya, and Richard Rodriguez

JEFFREY D. WOHL (Cal. State Bar No. 96838)
ZACHARY P. HUTTON (Cal. State Bar No. 234737)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
San Francisco, California 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendant F. Korbel & Bros., Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(Fresno Division)

| | |
|---|---|
| JUAN RUIZ, JUANA MARTINEZ, JESUS LOZOYA, and RICHARD RODRIGUEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>F. KORBEL & BROS., INC.,<br><br>Defendant. | No. 1:08-CV-00417-LJO-SMS<br><br>**ORDER:**<br><br>**(1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND COLLECTIVE ACTION;**<br><br>**(2) PRELIMINARILY APPROVING CLASS SETTLEMENT;**<br><br>**(3) APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL;**<br><br>**(4) APPROVING CLASS NOTICE AND RELATED MATERIALS;**<br><br>**(5) APPOINTING SETTLEMENT ADMINISTRATOR; AND**<br><br>**(6) SCHEDULING FINAL APPROVAL HEARING**<br><br>Date: January 21, 2009<br>Time: 8:30 a.m.<br>Courtroom: 4<br>Judge: Hon. Lawrence J. O'Neill |

On January 21, 2009, a hearing was held on the joint motion of plaintiffs Juan Ruiz, Juana Martinez, Jesus Lozoya, and Richard Rodriguez ("Plaintiffs") and defendant F. Korbel & Bros., Inc. ("Korbel"), for conditional certification of a settlement class in this action, conditional designation of a collective action under section 216(b) of the Fair Labor Standards Act ("FLSA"), preliminary approval of the parties' proposed settlement, approval of the notice to be sent to the class about the settlement and the forms of class member settlement information and election not to participate in the settlement, approval of the claim form and consent to jurisdiction, and the setting of a date for the hearing on final approval of the settlement. Stan S. Mallison, Hector R. Martinez, and Marco A. Palau of the Law Offices of Mallison & Martinez appeared for Plaintiffs; and Jeffrey D. Wohl and Zachary P. Hutton of Paul, Hastings, Janofsky & Walker LLP appeared for Korbel.

The Court having read and considered the papers on the motion, the arguments of counsel, and the law, and good cause appearing therefore,

IT IS ORDERED:

1. The Court has jurisdiction over this action and the parties' proposed settlement under 28 U.S.C. sections 1331 and 1367, as plaintiffs' original complaint was brought under the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. §§ 1801-1872; the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; and related California wage-and-hour law; the Court has original jurisdiction over plaintiffs' federal law claims; and the Court has supplemental jurisdiction over plaintiffs' state-law claims because they arise from the same alleged transactions and occurrences as do plaintiffs' federal-law claims.

2. The proposed class satisfies the requirements of a settlement class because the class members are readily ascertainable and a well-defined community of interest exists in the questions of law and fact affecting the parties.

3. The parties' Settlement Agreement (the "Settlement") (Declaration of Stan S. Mallison in Support of Joint Motion for Order: (1) Conditionally Certifying Settlement Class and Collective Action; (2) Preliminarily Approving Class Settlement; (3) Appointing Class Representatives and Class Counsel; (4) Approving Class Notice and Related Materials; (5) Appointing Settlement Administrator; and (6) Scheduling Final Approval Hearing ["Mallison Decl."], Exh. 1) is granted preliminary approval as it

meets the criteria for preliminary settlement approval. The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly.

4. The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all class members whose identities are known to the parties, and such notice is the best notice practicable. The parties' proposed Notice of Proposed Settlement of Collective Action and Class Action, Conditional Certification of Settlement Class and Collective Action, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval ("Class Notice") (Settlement Agreement, Exh. B), and proposed forms of Claim Form and Election Not to Participate in Settlement (*id*., Exhs. C and D)) (collectively the "Class Notice Packet") are sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the settlement, their right to receive a Settlement Share or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing, and therefore are all approved.

5. The following class of persons are certified as the Class in this action solely for the purposes of the Settlement:

> All persons who are of have been employed by Korbel in the State of California as regular employees from March 21, 2004, until January 21, 2009, in one or more of the one or more of the following positions (the "Covered Positions"):

| | |
|---|---|
| Acting Sub-Foreperson | Maintenance Helper |
| Auto Detailer | Maintenance Worker |
| Banquet Server | On-Call Chef |
| Barrel Room Coordinator | Packaging Worker |
| Bottling Labor | Production Machine Operator |
| Brandy Processing Coordinator | Purchasing Courier |
| Cellar Intern | Quality Assurance Technician |
| Cellar Worker | Quality Control Technician |
| Chef's Assistant | Ranch Worker |
| Deli Server | Retail Assistant/Tour Guide |
| Deli Supervisor | Sanitation Worker |
| Facilities Worker | Security Officer |
| Foreperson | Semi-Skilled Worker |
| General Laborer | Skilled Worker |
| Groundskeeper | Sub-Foreperson |
| Housekeeper | Team Leader |
| Inspector | Tour Guide/Sales Clerk |
| Lab Technician | Tractor Driver |
| Lab Technician Intern | Trainee |
| Lead Groundskeeper | Truck Driver |
| Lead Security Officer | Vineyard Worker |
| Lead Technician | Warehouse Worker |

| | |
|---|---|
| Machine Attendant | Weigh Master |
| Machine Operator | Wine Shop/Tour Guide |

6. The Court grants conditional certification of a collective action, pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), solely for the purposes of settlement, because Plaintiffs are similarly situated to other individuals in the Covered Positions described above.

7. Any Class Member who submits a timely and valid Claim Form within thirty days after the date the Settlement Administrator mails the Class Notice Packet will receive a Settlement Share.

8. Any Class Member who wishes to elect not to participate in the Settlement has until thirty days after the mailing of the Class Notice Packet to submit his or her Election Not to Participate in Settlement pursuant to the procedures set forth in the Class Notice.

9. Any Class Member who wishes to comment on or object to the Settlement must do so not later than fourteen days before the final approval hearing, pursuant to the procedures set forth in the Class Notice.

10. Rust Consulting, Inc., is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement.

11. Plaintiffs Juan Ruiz, Juana Martinez, Jesus Lozoya, and Richard Rodriguez are appointed Class Representatives. Stan S. Mallison, Hector R. Martinez, Marco A. Palau, and the Law Offices of Mallison & Martinez are appointed Class Counsel.

12. The Class Notice Packet will be disseminated according to the notice plan described in the Settlement Agreement and substantially in the form submitted by the parties. Proof of distribution of notice will be filed by the parties at or prior to the final approval hearing.

13. Korbel is directed to provide the Settlement Administrator as soon as possible using best efforts and in no event later than thirty days after the date of this order the Class Data as specified by the Settlement Agreement.

14. The Settlement Administrator is directed to mail the approved Class Notice Packet by first-class mail to the Class Members as soon as possible using best efforts and in no event later than ten days after receipt of the Class Data from Korbel.

15. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), not later

than ten days after the Parties' joint motion seeking preliminary approval of the Settlement was filed in court, Korbel served upon the Attorney General of the United States and the appropriate state official of each state in which a Class Member resides a notice of the Settlement consisting of: a copy of the pleadings in this action; a notice of the scheduled judicial hearings in this action; copies of the Settlement and Class Notice Packet; and the names of Class Members who reside in each state and the estimated proportionate share of the Class Members in each state compared to the entire Settlement. The notice of Settlement also invited comment on the Settlement. Accordingly, the Court finds that Korbel has discharged its obligations under CAFA to provide notice to the appropriate federal and state officials.

16. A final hearing will be held on April 29, 2009, at 8:00 a.m., to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider the Class Representatives' request for Class Representative Payment and Class Counsel's request for the Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment. Class Members and their counsel may support or oppose the Settlement and the motion for awards of the Class Representative Payment and the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment, if they so desire, as set forth in the Class Notice.

17. Any Class Member may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the Settlement, or object to the motion for awards of the Class Representative Payment and the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment. For any comments or objections to be considered at the hearing, the Class Member must file comments with the Clerk of Court indicating briefly the nature of the Class Member's comments, support or objection. Such comments must be filed with the Court, and mailed to Class Counsel, not later than fourteen days before the final approval hearing.

18. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

19. In accordance with the terms of this Order, the Court sets the following deadlines:

| Date | Event |
|---|---|
| 02/20/09 | Defendant to provide to Settlement Administrator with an electronic data base containing Class Member information (30 days after Preliminary Approval) |
| 03/02/09 | Settlement Administrator to mail Notice Packets to all Class Members (10 days after receiving Class Member information) |
| 04/01/09 | Last day for Class Members to mail valid Elections Not to Participate in Settlement, and to mail valid claims for Settlement Shares (30 days after mailing of Notice Packets) |
| 04/08/09 | Last day for Settlement Administrator to report to parties on Class Members who have elected not to participate in Settlement or who have submitted claims (7 days after the deadline for submission of Elections Not to Participate in Settlement and Claims Forms) |
| 04/15/09 | Last day for Class Members to comment on or object to Settlement (15 days before final approval hearing date)<br><br>Last day for defendant to exercise right to rescind Settlement based on number of Elections Not to Participate (if applicable) (7 days after the Settlement Administrator reports to parties on Class Members who have elected not to participate in Settlement) |
| 04/22/09 | Due date for joint motion for final approval of settlement and plaintiffs' separate motion for class representative fee and class counsel's attorneys' fees and expenses (7 days before final approval hearing date)<br><br>Last day for Settlement Administrator to serve on the parties and file with the Court statement of due diligence in complying with its obligations under the settlement (7 days before final approval hearing date) |
| 4/29/09 | Final approval hearing (unless otherwise ordered by the Court) |

IT IS SO ORDERED

Dated:  January  22 , 2009.

/s/ LAWRENCE J. O'NEILL
Lawrence J. O'Neill
United States District Judge