UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RUIZ, JUANA MARTINEZ JUESU LOZOYA, and RICHARD RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>F. KORBEL & BROS., INC.<br><br>Defendants.<br>_____/ | CASE NO. CV F 08-0417 LJO SMS<br><br>**ORDER:**<br><br>**(1) CONFIRMING CERTIFICATION OF CLASS AND COLLECTIVE ACTION,**<br><br>**(2) GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT, AND**<br><br>**(3) ENTERING FINAL JUDGMENT** |

On April 29, 2009, a hearing was held on the joint motion of plaintiffs Juan Ruiz, Juana Martinez, Jesus Lozoya, and Richard Rodriguez and defendant F. Korbel & Bros, Inc., ("Korbel") (the "Parties"), for final approval of their class and collective action settlement (the "Settlement") and payments to the Labor and Workforce Development Agency and the Settlement Administrator. Stan S. Mallison, Hector R. Martinez, and Marco A. Palau appeared for plaintiffs; and Jeffrey D. Wohl and Zachary P. Hutton of Paul, Hastings, Janofsky & Walker LLP appeared for Korbel.

The Parties have submitted the Settlement, which this Court preliminarily approved by its January 22, 2009, order (Docket No. 35) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions. Class Members have also been provided with a claim form, and 442 claim forms (on behalf of 63 percent of the Class Members and representing 83 percent of the covered Work Hours) have been filed with the

Court.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Final Approval Order, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Settlement.

2. The Court has jurisdiction over this action and the Settlement under 28 U.S.C. sections 1331 and 1367, as plaintiffs' original complaint was brought under the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. §§ 1801-1872; the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; and related California wage-and-hour law; the Court has original jurisdiction over plaintiffs' federal law claims; and the Court has supplemental jurisdiction over plaintiffs' state-law claims because they arise from the same alleged transactions and occurrences as do plaintiffs' federal-law claims.

3. Pursuant to this Preliminary Approval Order, a Class Notice Packet consisting of a Notice of Conditional Certification of Settlement Class, Proposed Settlement, Preliminary Court Approval of Settlement, and Hearing Date for Final Court Approval; a Claim Form; and a form of Election Not to Participate in Settlement were sent to each class member by first-class mail. These papers informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to comment on or object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

4. The Court finds and determines that this notice procedure afforded adequate protections to class members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of class members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

5. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), the Court finds that Korbel has discharged its obligations under CAFA to provide notice to the appropriate federal and state officials, and that 28 U.S.C. section 1715(e) has no applicability to the Settlement, as appropriate notice was provided.

6. Of the 442 claim forms received, five were submitted after the deadline for claim forms, but with the agreement of the parties and good cause appearing therefor, these claim forms are accepted.

7. No Class Members filed written objections to the Settlement as part of this notice process or stated an intent to appear at the final approval hearing. No Class Member appeared at the hearing to object to the Settlement.

8. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the proposed Settlement Class, as defined in the definitions section of the Settlement, meets all of the legal requirements for class certification, and it is hereby ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of this action.

9. For the reasons stated in the Preliminary Approval Order, this Court finds and determines that the action meets all of the legal requirements for certification as a collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), and it is hereby ordered that the action is certified as a collective action for purposes of settlement of this action.

10. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the class and to each class member and that the class members who have not opted out will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

11. The Court finds and determines that the Settlement Shares to be paid to the Claimants as provided for by the Settlement are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Claimants out of the Maximum Settlement Amount in accordance with the Settlement.

12. The Court finds and determines that payment to the California Labor and Workforce Development Agency of $10,000 as its share of the settlement of civil penalties in this case is fair, reasonable, and appropriate. The Court hereby gives final approval to and orders that the payment of

1    that amount be paid out of the Maximum Settlement Amount in accordance with the Settlement.

2         13.    The Court finds and determines that the fees and expenses of Rust Consulting, Inc., in administrating the settlement, in the amount of $25,000.00 as agreed in the Settlement Agreement, are fair and reasonable. The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Maximum Settlement Amount in accordance with the Settlement.

        14.    The Court determines by separate order the request by Plaintiffs and Class Counsel to the Class Representative Payments, Class Counsel Fees Payment, and Class Counsel Litigation Expenses Payment.

        15.    Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Korbel make payments to the Claimants in accordance with the Settlement.

        16.    Upon completion of administration of the settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

        17.    By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

        18.    Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

        19.    The Parties are hereby ordered to comply with the terms of the Settlement.

        20.    This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement or by Court order.

IT IS SO ORDERED.

**Dated:   April 29, 2009**                         **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE